UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60836-CIV-SMITH

DENISE PAYNE,

    Plaintiff,
v.

PALM MARKETPLACE LLC,

    Defendant.
_____/

**<u>ORDER OF DISMISSAL</u>**

    This cause is before the Court *sua sponte*. On May 17, 2024, Plaintiff filed this action against Defendant, Palm Marketplace LLC ("Defendant"). On July 17, 2024, Plaintiff filed an Acknowledgement of Service [DE 7], indicating that Plaintiff had completed substitute service on Florida's Secretary of State on behalf of Defendant. On August 23, 2024, the Court issued an Order finding that Plaintiff had not complied with the requirements for substitution of service pursuant to Florida Rule of Civil Procedure 4(m) and Florida Statute, Section 48.062. *See* Order [DE 11]. In so finding, the Court ordered Plaintiff to perfect service upon Defendant in accordance with the substitute service requirements of Florida law or show cause why the action should not be dismissed for failure to perfect service of process. *Id.*

    On September 23, 2024, Plaintiff responded to the Order to Show Cause by stating that Plaintiff's process server attempted to serve Defendant's registered agent at the agent's home address on three separate occasions but received no answer each time, despite the process server's observations that someone appeared to be inside the home. *See* Response to Order to Show Cause [DE 13]. Plaintiff further responded that, based on these three attempts to serve Defendant's registered agent, Plaintiff "undertook diligent efforts to serve the Defendant" and "proceeded with

service under Florida Statute [§] 48.062(b)." *Id.* Plaintiff maintains good cause exits not to dismiss this action.

However, Plaintiff overlooks the requirements for substitution of service on a limited liability company ("LLC") specified in section 48.062. on a "In essence, section 48.062 provides a flowchart for how to serve a limited liability company." *See Reimer v. Highland Health Direct, LLC*, No. 23-CV-60237, 2023 WL 6973539, at *2 (S.D. Fla. Sept. 11, 2023). Pursuant to section 48.062(3), if service cannot be made on a registered agent of the LLC after one good faith attempt in accordance with subsection (2) of the Statute, then process may be served on any of the following: (1) any manager of a manager-managed LLC; (2) any member of a member-managed LLC; or (3) any person listed publicly by the LLC on the LLC's latest annual report. *See* Fla. Stat. § 48.062(3). Only when service of process cannot be accomplished under subsection (2) or subsection (3) can service of process be served on Florida's Secretary of State as an agent of the LLC. *See* Fla. Stat. § 48.062(4). Plaintiff's Response to the Order to Show Cause fails to address how, if it all, Plaintiff complied with subsections (2) or (3) of section 48.062 before resorting to substitute service. "Importantly, since section 48.062 governs service of process, it must be strictly construed and followed in order for service to be properly effectuated." *Reimer*, No. 23-CV-60237, 2023 WL 6973539, at *3. Therefore, Plaintiff's failure to comply with section 48.062 renders Plaintiff's substitute service on Florida's Secretary of State invalid and, by extension, service of process on Defendant was insufficient.

Accordingly, it is

**ORDERED** that:

1. This matter is **DISMISSED without prejudice.**

2. All pending motions are **DENIED as moot.**

    3.    This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of November, 2024.

                                                  RODNEY SMITH
                                                UNITED STATES DISTRICT JUDGE

cc:    Counsel of record